FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 APR 26 AM 10: 45
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WILLIAM G. HATCHER, JR., as
Executor of the Estate of
William G. Hatcher, Sr., and
Individually,

    Plaintiff,

    v.

PAMELA HATCHER STUART,
Individually and as Trustee of
the Pamela H. Stuart GST Trust,

    Defendant.

CV 117-175

**O R D E R**

Before the Court is Plaintiff William G. Hatcher, Jr.'s ("Plaintiff") motion to remand this case to the Superior Court of Columbia County, Georgia. (Doc. 24.)

**I. BACKGROUND**

Plaintiff, Defendant Pamela Hatcher Stuart ("Defendant"), and their brother, non-party Randall Hatcher, are the children of William G. Hatcher, Sr. ("Decedent"). (Doc. 1-1, ¶ 7.) On April 3, 2013, Decedent executed a last will and testament (the "Will") and an agreement establishing the William G. Hatcher Sr.

Revocable Trust (the "Trust").[1] (Id. ¶ 6; see also Doc. 24-2, at 74-79 (the Will); Doc. 24-2, at 80-102 (the Trust agreement).) Decedent passed away on July 13, 2013. (Doc. 1-1, ¶ 7.) Decedent was survived by his wife, Jo Ann Hatcher, and his aforementioned children. (Id.) Decedent's estate (the "Estate") is the subject of still-pending proceedings in the Probate Court of Richmond County, Georgia (the "Probate Court"), namely Case No. 2013-RCGP-482 (the "Probate Case"), wherein Plaintiff has been qualified as executor of the Estate. (Id. ¶ 8.)

Since Decedent's death, Plaintiff and Defendant have engaged in various disputes regarding the administration of the Estate. In June 2016, Defendant filed a petition in the Probate Case requesting that Plaintiff, as executor, "be required to account for all assets, liabilities and transactions of the Estate." (See Doc. 31, at 1-2; see also Doc. 24-2, Countercl. ¶ 1.) Defendant subsequently filed a second petition for accounting in the Superior Court of Columbia County, Georgia, this time in the matter of Stuart v. Hatcher, Case No. 2016-ECV-0038. (See Doc. 24-2, Countercl. ¶ 1.)

On November 3, 2017, Plaintiff initiated the instant action in the Superior Court of Columbia County, Georgia, Hatcher v.

---

[1] "Under the terms of the Will, the residue of [Decedent's estate] is to be distributed according to the terms of the Trust." (Doc. 1-1, ¶ 9; see also Doc. 24-2, at 74-79 (the Will).)

Stuart, Case No. 2017-CV-0614. (See Doc. 1-1.) In his operative complaint, Plaintiff asserts: (i) two claims for declaratory judgment seeking declarations that his plans as executor to dissolve two corporations - in which the Estate holds controlling interests - are fair and equitable to the Estate's beneficiaries and the shareholders of the aforementioned corporations; (ii) a claim for money had and received against Defendant to recover funds belonging to Plaintiff, in his individual capacity, that he mistakenly contributed to the Estate and then distributed as executor to Defendant; and (iii) a claim for litigation expenses pursuant to O.C.G.A. § 13-6-11. (Id. ¶¶ 38-54.)

On December 15, 2017, Defendant filed her answer and counterclaim in this action while it was still in the Superior Court of Columbia County. (See Doc. 24-2.) In her counterclaim, Defendant alleges that Plaintiff, in his capacity as executor of the Estate, has breached his fiduciary duties by mismanaging the Estate.[2] (Id., Countercl. ¶¶ 40-54.) In

---

[2] (See Doc. 24-2, Countercl. ¶ 50 ("[Plaintiff] breached his fiduciary duties by failing to properly manage [the] Estate. Among other things, [Plaintiff] failed to investigate or collect amounts due to the Estate as distributions from [non-party Management Analysis & Utilization, Inc. ("MAU")]; incurred unnecessary expenses in the course of administration, including but not limited to expending Estate assets to maintain and improve property he wanted to have rather than distributing property; unnecessarily incurred and paid significant professional fees and expenses from the Estate; resisted [Defendant's] efforts to obtain an accounting and fair distribution of the Estate; and incurred and paid fees to pursue the lawsuit he filed in the Superior Court of Columbia County as part of a litigation strategy to avoid liability for his malfeasance.").)

3

addition to monetary damages for Defendant's breaches, Defendant also seeks an award of punitive damages as well as her litigation expenses pursuant to O.C.G.A. §§ 13-6-11 & 53-12-302. (Id., Countercl. ¶¶ 55-57, 61-62.) Defendant also seeks the imposition of a constructive trust over all property that Plaintiff or anyone else has "improperly received" from the Estate or Trust, as well as injunctive relief barring Plaintiff from utilizing Estate assets to satisfy any attorney's fees incurred in defending himself against claims relating to his alleged misconduct as executor. (Id., Countercl. ¶¶ 58-60, 63-65.) The same day that she filed her answer and counterclaim in state court, Defendant also filed a notice of removal in this Court, asserting original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).[3] (Doc. 1, ¶ 6.)

On January 16, 2018, Plaintiff filed the instant motion to remand this action. (Doc. 24.) Defendant filed a response in opposition to Plaintiff's motion to remand on January 30, 2018 (doc. 31), and Plaintiff filed a reply in support of its motion on February 13, 2018 (doc. 34). Accordingly, Plaintiff's motion

---

[3] That same day, Defendant also filed a separate lawsuit against Plaintiff in this Court, namely Stuart v. Hatcher, Case No. 1:17-cv-174 (S.D. Ga. filed Dec. 15, 2017) (the "Federal Action"). Notably, Defendant's complaint in the Federal Action rests upon the same factual bases, pursues the same legal causes of action, and seeks the same relief sought by way of Defendant's counterclaims in the present lawsuit. (Compare Doc. 24-2; with Federal Action, Doc. 1.) Indeed, Defendant states that she "intends to move the Court for consolidation of [the Federal Action] with what remains of this action." (Doc. 31, at 3.)

4

to remand has been fully briefed and is ripe for the Court's review.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." Id. (citations omitted). The right to remove a case from state court to federal court derives from 28 U.S.C. § 1441, which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996); Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). Removal jurisdiction is construed narrowly, and any doubts regarding the existence of federal jurisdiction are resolved in favor of the non-removing party.

5

Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (citing Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996)); see also City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.") (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

"Among longstanding limitations on federal jurisdiction otherwise properly exercised are the so-called 'domestic relations' and 'probate' exceptions." Marshall v. Marshall, 547 U.S. 293, 299 (2006) ("Neither [of these exceptions] is compelled by the text of the Constitution or federal statute. Both are judicially created doctrines stemming in large measure from misty understandings of English legal history."). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Id. at 311-12. "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."[4] Id. at 312. Policy

---

[4] See also Markham v. Allen, 326 U.S. 490, 494 (1946) ("[F]ederal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the

6

justifications for the probate exception include: (i) probate proceedings "are fights over a thing of value that is in the [state] court's control - and another court should not try to elbow its way into the fight"; and (ii) "state courts are assumed to have developed a proficiency in these matters, to have procedures tailored to them, and to work closely with and even employ specialized staff not found in federal courts." See Jones v. Brennan, 465 F.3d 304, 307 (7th Cir. 2006) (citations omitted).

In determining whether the probate exception applies, federal courts "must examine the substance of the relief that [the parties] are seeking, and not the labels they have used." Mercer v. Bank of N.Y. Mellon, N.A., 609 F. App'x 677, 679 (2d Cir. 2015) (citing Lefkowitz v. Bank of N.Y., 528 F.3d 102, 107 (2d Cir. 2007)). In the Eleventh Circuit, regardless of how an

---

property in the custody of the state court. Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." (internal quotations and citations omitted)); Turton v. Turton, 644 F.2d 344, 347 (5th Cir. 1981) ("This is no baseless formalism; on the contrary, it is compelled by the same considerations of fairness to all claimants that require that a probate court obtain exclusive jurisdiction over the estate in the first place. It may turn out that, after actual liquidation of assets, the estate comes to less than the federal court's estimate; it may even be insufficient to pay all debts in full. The federal claimant cannot deprive competing claimants of their just due by obtaining a premature distribution or valuation of estate assets from the federal court." (citations omitted)); but see Marshall, 547 U.S. at 311 ("[W]e comprehend the 'interference' language in Markham as essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." (citations omitted)).

7

issue is couched, a federal action seeking "a valuation of estate assets or . . . an actual transfer of property under probate . . . is precluded by the probate exception." <u>Mich. Tech Fund v. Century Nat. Bank of Broward</u>, 680 F.2d 736, 741 (11th Cir. 1982) (citing <u>Turton v. Turton</u>, 644 F.2d 344, 347 (5th Cir. 1981)). Similarly, the probate exception applies to claims requiring a premature accounting of an estate still in probate. <u>See</u> <u>Turton</u>, 644 F.2d at 348 ("The feature that controls federal jurisdiction in such cases is the effect a judgment would have on the jurisdiction of the probate court. Hence, for example, a suit against an executor personally for malfeasance is beyond federal jurisdiction, if it requires a premature accounting of an estate still in probate." (citations omitted)). Nevertheless, a district court, "as a court of equity, can fashion the relief granted so that the relief would be within th[e] [district c]ourt's jurisdiction and would not interfere with the jurisdiction of the probate court." <u>Hudson v. Abercrombie</u>, 682 F. Supp. 1218, 1220 (N.D. Ga. 1987) (citing <u>Waterman v. Canal-La. Bank & Tr. Co.</u>, 215 U.S. 33, 45-47 (1909)).

Here, Defendant's fundamental counterclaim is that Plaintiff, by mismanaging the Estate during probate, has breached his fiduciary duties as executor of the Estate. (<u>See</u> Doc. 24-2, Countercl. ¶¶ 40-54; <u>see also</u> n.2, *supra*.) In

8

addition to seeking compensatory and punitive damages for these breaches, Defendant seeks the imposition of a constructive trust over any property "improperly received by [Plaintiff or anyone else] from the Estate or Trust" as well as an injunction restraining Plaintiff from using "Estate assets to pay his attorney's fees to defend his maladministration" of the Estate. (See Doc. 24-2, ¶¶ 55-65.) Thus, while Defendant's counterclaims do not directly concern the probate or annulment of the Will and purport to be based upon *in personam* jurisdiction, their resolution would require this Court to: (i) interfere with the administration of the Estate; (ii) dispose of Estate property that is in the custody of the Probate Court; or (iii) otherwise interfere with the Probate Court's possession of Estate property by compelling a premature accounting/valuation of the Estate or its assets and liabilities.

Defendant does not merely seek to interpret the Will or establish the validity of her right to a percentage of the property in the possession of the Probate Court; rather, she seeks a determination that Plaintiff's actions as executor of the Estate have diminished the absolute quantum of her interest in the Estate, the resolution of which will necessitate an accounting of the Estate or valuation of its assets and liabilities. Defendant admits, however, that a final accounting and distribution of the Estate has not occurred and that the

9

Probate Action is still pending. (See Doc. 31, at 15 ("The only proceeding currently pending in the [P]robate [C]ourt with respect to [the] Estate is an action filed by [Defendant] to receive an accounting from [Plaintiff] of the assets, liabilities, and transactions of the Estate (which [Plaintiff] is required by law to render even if [Defendant] had never asked for an accounting).").) Because the Eleventh Circuit has interpreted the probate exception to preclude federal courts from engaging in premature accountings or valuation of estates and their property, the resolution of Defendant's counterclaims is beyond the jurisdiction of this Court. See Mich. Tech Fund, 680 F.2d at 741; Turton, 644 F.2d at 348.

Further, Defendant seeks to challenge Plaintiff's past – as well as constrain or otherwise direct Plaintiff's further – administration of the Estate, which is simply another way of stating that she desires that this Court direct the administration of the Estate or assume control over property otherwise in the custody or control of the Probate Court. See Struck v. Cook Cty. Pub. Guardian, 508 F.3d 858, 860 (7th Cir. 2007) (claims challenging the conduct and decisions of an estate administrator "are supervised by the court that appointed him" and an attempt to remove these claims to federal court is "the sort of maneuver that the probate/domestic-relations exception is intended to prevent"); Wisecarver v. Moore, 489 F.3d 747, 751

10

(6th Cir. 2007) (the plaintiffs' claims, which were premised on *in personam* jurisdiction and sought to enjoin the defendants' disposition of assets received from the testator's estate, were "precisely what the probate exception prohibits because [they] would require the district court to dispose of property in a manner inconsistent with the state probate court's distribution of the assets"); Beasley v. Coleman, 560 F. App'x 578, 580 (7th Cir. 2014) ("Beasley's claim against Romei challenges how the probate court is administering the estate. To adjudicate that claim, while those proceedings continue, would be tantamount to asking the federal district court to take over the administration of the estate." (internal quotations and citations omitted)); Ellis v. Warner, 2017 WL 634287, at *17 (S.D. Fla. Feb. 16, 2017) (concluding that an heir's claim seeking "imposition of a constructive trust for all property fraudulently taken" from an estate in probate "*does* seek relief from the [federal court] that will affect the *res* of the" probate proceeding and is therefore subject to the probate exception) (emphasis original).

Moreover, Georgia probate courts retain authority and control over estate property - even those that have been provisionally distributed to the parties - until such time as there has been a final accounting and settlement of the relevant estate. See O.C.G.A. §§ 53-7-62 & 53-7-63 (empowering Georgia's

11

probate courts to "make an account, hear evidence upon any contested questions, and make a final settlement between the personal representative and the heirs or beneficiaries" of an estate); Geeslin v. Sheftall, 589 S.E.2d 601, 602 (Ga. Ct. App. 2003) (Georgia probate court "may require that [beneficiaries] return assets or pay money to the estate or have the assets' value credited against their share of the estate" prior to rendering final accounting and settlement of accounts). Because a final accounting and settlement of the Estate has yet to occur, the injunctive and other equitable relief requested by Defendant is clearly outside of this Court's jurisdiction because it would require this Court to exert direct control over assets that are still within the Probate Court's control.

In her brief in opposition to Plaintiff's motion to remand, Defendant cites the Supreme Court's decision in Marshall for the proposition that "tort claims, including claims for breach of fiduciary duty, [are] not subject to the probate exception." (Doc. 31, at 6 (citing Marshall. 547 at 311).) Yet this overstates the Supreme Court's holding in Marshall. Rather, this Court recognizes that a "cause[] of action alleging breach of fiduciary duties . . . do[es] not necessarily fall within the scope of the probate exception" simply because it is directed at an estate's executor, Wisecarver, 489 F.3d at 751, but concludes that the factual and legal underpinnings of Defendant's present

12

counterclaims cause them to fall within the exception. For example, Marshall is distinguishable in that the relevant claims to be litigated in federal court in that action concerned actions taken during the testator's life by the testator's son to prevent the testator's wife from inheriting from the testator's estate, as opposed to post-death mismanagement of the assets of an estate presently in probate proceedings under the authority of the probate court. See Marshall, 547 U.S. at 300-05. Other cases cited by Defendant are also factually-distinguishable from the present action.[5] And while the Court has more difficulty distinguishing the Second Circuit's decision in the matter of Lefkowitz, 528 F.3d 102 (2d Cir. 2007), the Court notes that Lefkowitz may contradict binding precedent. See Mich. Tech Fund, 680 F.2d at 741-42 (prohibiting "premature distribution or valuation of estate assets"); Turton, 644 F.2d at 348 (prohibiting premature "premature accounting of an estate still in probate"). Accordingly, because Defendant has failed

---

[5] See, e.g., Wisecarver, 489 F.3d at 750-51 (claims not barred by probate exception concerned assets "allegedly transferred during [testator's] lifetime and were therefore not part of his estate at his death"); Jones, 465 F.3d at 307 (probate proceedings closed); Breaux v. Dilsaver, 254 F.3d 533, 536-37 (5th Cir. 2001) (one estate was closed and other estate had "been finally distributed to the heirs, excepting only the $250,000 in escrow"); Campi v. Chirco Tr. UDT 02-11-97, 223 F. App'x 584, 585 (9th Cir. 2007) (property at issue "is not — nor ever was — in the custody of a state probate court"); Dinger v. Gulino, 661 F. Supp. 438, 441 (E.D.N.Y. 1987) (probate proceedings closed and probate court expressly declined jurisdiction over breach of fiduciary duty claims); Masood v. Saleemi, 2007 WL 2069853, at *1-2 (W.D. Wash. July 13, 2007) (claims for injury to testator concerned injuries inflicted on testator personally during the testator's life and her burial by testator's daughter).

to carry her burden to demonstrate that removal of her counterclaims was proper, they are subject to remand.

For similar reasons, Plaintiff's claims are also subject to remand. As an initial matter, the parties agree that Plaintiff's claims for declaratory judgment are subject to remand because they would require the Court to administer the Estate or direct the distribution of the Estate's *res*. (See Doc. 24, at 10; Doc. 31, at 19-21.) Yet, without any factual or legal argument, the parties baldly conclude that Plaintiff's money had and received claim is not subject to the probate exception. (See Doc. 24, at 3 n.2; Doc. 31, at 3.) Nevertheless, the Court must consider whether it has subject-matter jurisdiction over this claim. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("[A] court . . . will raise lack of subject-matter jurisdiction on its own motion.").

In support of his claim for money had and received, Plaintiff alleges that - during his administration of the Estate - he deposited his own personal funds into a bank account owned by the Estate based upon his mistaken belief that Decedent was the owner of the aforementioned funds. (See Doc. 1-1, ¶¶ 27-33.) Prior to realizing his mistake, Plaintiff made distributions to the parties from the aforementioned bank account. (Id. ¶¶ 34-37.) Defendant has refused to return any

14

of Plaintiff's mistakenly-deposited personal funds received in connection with these distributions and Plaintiff therefore seeks an Order compelling the return of these funds.[6] (Id. ¶¶ 34-37, 46-51.) The resolution of this claim, however, will require the Court to determine whether the funds in issue are not in fact a part of the Estate and, if so, whether any prior distributions to Defendant contained any of these non-Estate funds and the quantum thereof. Accordingly, the relief sought will require the Court to either conduct a premature accounting of the Estate or otherwise administer property that is still within the Probate Court's control. Thus, like Defendant's counterclaims, Plaintiff's claims trigger the probate exception and are subject to remand.

### III. CONCLUSION

Upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (doc. 24) is **GRANTED**. The Clerk is directed to **REMAND** this action, in its entirety, to the Superior Court of Columbia County, Georgia for lack of subject matter jurisdiction.[7]

---

[6] Defendant denies that the deposited funds were owned by Plaintiff personally or that any distributions she has received included Plaintiff's personal funds. (See Doc. 24-2, Answer ¶¶ 27-37, 46-51.)

[7] Hatcher v. Stuart, Superior Court of Columbia County, Georgia, Case No. 2017-CV-0614.

**ORDER ENTERED** at Augusta, Georgia this 26th day of April, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA